PETER R. DION-KINDEM (SBN 95267)
PETER R. DION-KINDEM, P. C.
DION-KINDEM & CROCKETT
21271 Burbank Blvd., Suite 100
Woodland Hills, California 91367
Telephone:  (818) 883-4400
Fax:            (818) 676-0246

Attorneys for Plaintiff Barry Rosen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV12-00658CAS(FFMx)

| Barry Rosen, | Case No. |
|---|---|
| Plaintiff, | **Complaint for Damages for Violation of Copyright** |
| vs. | **Demand for Jury Trial** |
| Netfronts, Inc., Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation, and Does 1 through 10, | |
| Defendants. | |

Plaintiff Barry Rosen ("Plaintiff") alleges:

**Jurisdiction and Venue**

1. ***Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c), and Section 1400(a).

3. ***Personal Jurisdiction.*** Personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue

**Complaint**
1

concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of Los Angeles. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State, *i.e.*, Defendants caused the infringing images to be distributed to and displayed in Los Angeles County to thousands of persons.

4. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

5. Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in furtherance of such conspiracy. Defendants aided and abetted each other in the wrongful acts alleged herein. Each of the

Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

### First Claim for Relief
### (Copyright Infringement – Against Defendants Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation, and Does 1 through 5)

6. Plaintiff realleges paragraph 1 through 5.

7. Plaintiff is a photographer. Plaintiff created the photographs identified in Exhibit 1 hereto ("Photographs"). Each of the Photographs consists of material original with Plaintiff and each is copyrightable subject matter. Plaintiff is the owner of all right, title, and interest in and to each of the Photographs.

8. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. §§ 106(1), (3), and (5).)

9. Defendants own, operate, and/or host the website dejavugallery.com ("Website").

10. Within the last three years, Plaintiff discovered that Defendant Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photographs, on the Websites, and/or (4) offered prints of the Photographs for sale knowing he had no right to do so.

11. Such conduct constitutes infringement of Plaintiff's copyrights and exclusive rights under copyright in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

12. Defendants have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or distribution of copies of the Photographs. Defendants enable, induce, facilitate, and materially contribute to each act of infringement by infringing users. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

13. Defendants have and have had the right and ability to control the infringing conduct alleged above. Defendants have derived, or have continuously attempted to derive, a direct financial benefit from the infringing use of the Photographs. As a direct and proximate result of Defendants' failure and refusal to control and prevent the infringing activity, Defendants have infringed Plaintiffs' copyrights in the Photographs as set forth above. Defendants' conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

14. The infringement of Plaintiff's rights in and to each of the Photographs constitutes a separate and distinct act of infringement.

15. Defendants' acts of infringement were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants were aware of the infringing conduct on the Website and knew that they had no right to engage in the infringing acts, having been the

      subject of and having notice of numerous previous complaints about their infringing conduct.

16. As a direct and proximate result Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

17. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

18. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. section 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

19. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

**Second Claim for Relief**
**(Copyright Infringement – Against**
**Defendants Netfronts, Inc. and Does 6 through 10)**

20. Plaintiff realleges paragraph 1 through 18.

21. Defendants Netfronts, Inc. ("Netfronts") is an internet service provider that owns, operates, and/or hosts the Website.

22. Plaintiff reported the infringements to Netfronts in writing.

23. Defendants thereafter materially contributed to the infringement of Plaintiff's Photographs by failing to take simple measures that were available to them that would have prevented further infringement of the Photographs on the Websites, *i.e.*, by failing to expeditiously remove and/or disable access to the infringing items and/or terminating the infringer.

24. Defendants' conduct constitutes contributory infringement of Plaintiff's exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. Sections 106 and 501.

25. The infringement of Plaintiff's rights in and to each of the Photographs constitutes a separate and distinct act of infringement.

26. Defendants' acts of infringement were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants were aware of the infringing conduct on the Websites but recklessly failed expeditiously to take steps available to them to prevent future infringing conduct.

27. As a direct and proximate result Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

28. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

29. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.
3. For statutory damages under the Copyright Act.

DION-KINDEM & CROCKETT

**Complaint**

6

4. That Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:

   A. copying, reproducing, distributing, offering for sale, or publicly displaying the Photographs;

   B. posting the Photographs on the internet;

   C. inducing, causing, materially contributing to, and profiting from the foregoing acts committed by others.

5. That Defendants be ordered to destroy all photographs, documents, and other items, electronic or otherwise, in its possession, custody, or control, that infringe the copyrights of Plaintiff.

6. That Defendants be ordered to remove all links between their website and all websites that display or offer to distribute or copy authorized copies of the Photographs and be prohibited from performing advertising and linking functions for such websites.

7. For prejudgment interest.

8. For attorneys' fees and costs.

9. For such other and further relief as this Court deems just and appropriate.

Dated: January 24, 2012                               DION-KINDEM & CROCKETT

By:_____
Peter R. Dion-Kindem, P.C.
Peter R. Dion-Kindem
Attorneys for Plaintiff
Barry Rosen

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this case.

Dated: January 24, 2012                    DION-KINDEM & CROCKETT

By: _____
Peter R. Dion-Kindem, P.C.
Peter R. Dion-Kindem
Attorneys for Plaintiff
Barry Rosen

# Exhibit 1 to Complaint

*Barry Rosen v. Netfronts, Inc., et al.*

| Item No. | Copyrighted Work | Certificate No. | Website |
|---|---|---|---|
| 1. | Gena Lee Nolin | VA 1-230-942 | dejavugallery.com |
| 2. | Gena Lee Nolin 3 | VA 1-274-965 | dejavugallery.com |
| 3. | Gena Lee Nolin 10 | VA 1-230-953 | dejavugallery.com |
| 4. | Gena Lee Nolin 15 | VA 1-239-759 | dejavugallery.com |

**Complaint**

9

DION-KINDEM & CROCKETT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV12- 658 CAS (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Barry Rosen

**DEFENDANTS**
Netfronts, Inc., Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation, and Does 1 through 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Peter R. Dion-Kindem, Dion-Kindem & Crockett
21271 Burbank Blvd., Suite 100, Woodland Hills, CA 91367
818-883-4400

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement - 17 U.S.C. section 101, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

CV12-00658

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation (Los Angeles) | Netfronts, Inc. (Utah) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 1/25/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address: Peter R. Dion-Kindem (95267)
Dion-Kindem & Crockett
21271 Burbank Blvd., Suite 100
Woodland Hills, CA 91367
Telephone: 818-883-4400
Fax: 818-676-0246

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

~~Barry Rosen~~

PLAINTIFF(S)

v.

Netfronts, Inc., Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation, and Does 1 through 10

DEFENDANT(S).

CASE NUMBER

CV12-00658 CAS (FFMx)

**SUMMONS**

TO: DEFENDANT(S): Netfronts, Inc., Stephen E. Pierson, doing business as DejaVu Collectors Gallery and DejaVu Enterprises, Inc., a suspended corporation, and Does 1 through 10

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Peter R. Dion-Kindem _____, whose address is 21271 Burbank Blvd., Suite 100, Woodland Hills, CA 91367 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 25 2012

By: **JULIE PRADO**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)   SUMMONS