**ROBERT HIRSCHMAN & ASSOCIATES**
15821 Ventura Boulevard, Suite 515
Encino, California 91436-2915
Telephone: (818) 990-5656
Fax: (818) 380-7422

Robert Hirschman, State Bar #37981

Attorneys for Stephen E. Pierson and
Dejavu Galleries, Inc., dba Dejavu Collectors Gallery

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen,<br><br>    Plaintiff,<br><br>    v.<br><br>Netfronts, Inc., Stephen E. Pierson dba Dejavu Collectors Gallery and Dejavu Enterprises, Inc., Does 1-10,<br><br>    Defendants. | CASE NO.: CV 12-00658<br><br>(Case Assigned to Judge Christina A. Snyder; Magistrate Judge Frederick F. Mumm)<br><br>**ANSWER OF DEFENDANTS STEPHEN E. PIERSON, AND DEJAVU GALLERIES, INC. dba DEJAVU COLLECTORS GALLERY, TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Complaint Filed: January 25, 2012<br>Trial Date:    None Set |

Defendants Dejavu Enterterprises, Inc., dba Dejavu Collectors Gallery, and Stephen E. Pierson, incorrectly sued as doing business as Dejavu Enterprises, Inc. and Dejavu Collectors Gallery ("Defendants") now answer the Complaint against them alleging copyright infringement, and deny any and all such allegations, and further admit or deny the specific allegations of the Complaint and state affirmative defenses, as follows:

**<u>ANSWER</u>**

1. Defendants admit the allegations of jurisdiction in paragraph 1.

2. Defendants admit the allegations of venue in paragraph 2.

3. Defendants admit the court has personal jurisdiction over these answering Defendants,

- 1 -
**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1 and deny the remaining allegations in paragraph 3.

2    4.   Defendants lack sufficient information or belief to answer the allegations in paragraph 4, and on that basis deny such allegations.

5.   Defendants lack sufficient information or belief to answer the allegations in paragraph 5, and on that basis deny such allegations.

6.   Defendants reallege their responses to paragraph 1 through 5, inclusive.

7.   Defendants lack sufficient information or belief to answer the allegations in paragraph 7, and on that basis deny such allegations.

8.   Defendants lack sufficient information or belief to answer the allegations in paragraph 8, and on that basis deny such allegations.

9.   Defendants admit that defendant Dejavu Galleries, Inc. dba Dejavu Collectors Galleries owns and operates the website identified in paragraph 9, and denies the remaining allegations of paragraph 9.

10.   These answering defendants lack sufficient information or belief to answer the allegations in paragraph 10, and on that basis deny such allegations.

11.   Defendants deny the allegations in paragraph 11.

12.   Defendants deny the allegations in paragraph 12.

13.   Defendants deny any involvement in allegedly infringing conduct, and deny the remaining allegations of paragraph 13.

14.   Defendants deny the allegations of paragraph 14.

15.   Defendants deny any involvement in allegedly infringing conduct, and deny the remaining allegations of paragraph 15.

16.   Defendants deny the allegations of paragraph 16, and deny that plaintiff has suffered any damage whatsoever.

17.   Defendants deny the allegations of paragraph 17.

18.   Defendants deny the allegations paragraph 18.

19.   Defendants deny that plaintiff is entitled to attorney fees and/or costs.

20.   Defendants reallege their responses to paragraphs 1 through 18.

**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**

21. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 21, and on that basis deny such allegations.

22. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 22, and on that basis deny such allegations.

23. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 23, and on that basis deny such allegations.

24. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 24, and on that basis deny such allegations.

25. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 25, and on that basis deny such allegations.

26. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 26, and on that basis deny such allegations.

27. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 27, and on that basis deny such allegations.

28. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 28, and on that basis deny such allegations.

29. Defendants lack sufficient information or belief to enable them to answer the allegations in paragraph 29 and on that basis deny such allegations.

## **AFFIRMATIVE DEFENSES**

Defendants hereby assert the following Affirmative Defenses in this case:

30. These answering Defendants are informed and believe and thereon allege that Plaintiff fails to state a claim against these answering Defendants on which relief can be granted.

31. These answering Defendants are informed and believe and thereon allege that Plaintiff has failed to join indispensable parties.

32. These answering Defendants are informed and believe and thereon allege that Plaintiff's claims for relief are barred by the safe harbors of 17 U.S.C. §512.

33. These answering Defendants are informed and believe and thereon allege that Plaintiff's claims infringe the First, Fourth and Fifth Amendments to the U.S. Constitution.

**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**

34. These answering Defendants are informed and believe and thereon allege that Plaintiff's claims are barred by the First Sale doctrine.

35. These answering Defendants are informed and believe and thereon allege that the action is barred by the doctrine of Laches, as Plaintiff made no attempt to enjoin the alleged infringing conduct, among other things.

36. These answering Defendants are informed and believe and thereon allege that Plaintiff's action is barred by Estoppel, in that, although Plaintiff knew the facts of any alleged infringing conduct, Plaintiff acted in such manner as to entitle these answering Defendants to believe that Plaintiff approved of the continued availability of the allegedly infringing material and these answering Defendants relied thereon.

37. These answering Defendants are informed and believe and thereon allege that any conduct by these answering Defendants was done, if at all, with Innocent Intent, believing in good faith that any such conduct did not constitute an infringement of copyright.

38. These answering Defendants are informed and believe and thereon allege that some or all of the purported infringements alleged by Plaintiff are barred by the three-year statutes of limitations set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and also set forth in California Civil Code §339(1).

39. These answering Defendants are informed and believe and thereon allege that Plaintiff' claims are barred by the Fair Use doctrine, pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

40. These answering Defendants are informed and believe and thereon allege that Plaintiff is not entitled to equitable relief, as it would unduly restricts access to materials lawfully obtained by Defendants and would assert rights beyond those provided in the Copyright Act. As such, Plaintiff has wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act and thereby violate the antitrust laws. These answering Defendants reserve the right to bring an action against Plaintiff for antitrust violations.

41. These answering Defendants are informed and believe and thereon allege that Plaintiff is not entitled to equitable relief, as he is guilty of conduct directly related to the merits of the

1 controversy between the parties, sufficient to affect the equitable relations between the parties, and
2 sufficient to invoke the doctrine of unclean hands. Defendants have been personally injured by
3 Plaintiff's said conduct, which continues at least through the time of filing of this action.

4     42. These answering Defendants are informed and believe and thereon allege that
5 Plaintiff's claims are barred to the extent his claim to copyright is in works that are immoral,
6 illegal or libelous.

7     43. These answering Defendants are informed and believe and thereon allege that Plaintiff
8 cannot recover as Plaintiff heretofore waived, licensed, abandoned or forfeited any rights
9 previously held under the Copyright Act, or such rights were surrendered by operation of law.

10     44. Defendants are informed and believe and thereon allege that plaintiff has caused to be
11 filed with this court a perjured declaration made under penalty of perjury falsely stating that the
12 Defendants, or any of them, were personally served with summons and complaint in this action.

14 WHEREFORE, Defendant prays this Honorable Court for the following relief:

15     1. For dismissal of the Plaintiff' action with prejudice;
16     2. For an order that Plaintiff shall take no relief from his complaint herein;
17     3. For an award of Defendants' costs and attorneys' fees herein incurred; and
18     4. For such further and other relief and the Court deems fair and just.

20 Respectfully submitted on this 15th day of February, 2012.

21                                                       By: Robert Hirschman

22                                                       */s/ Robert Hirschman*

23                                                       Robert Hirschman & Associates
Attorney for Defendants
24                                                       Stephen E. Pierson and Dejavu
Galleries, Inc., dba Dejavu
25                                                       Collectors Gallery

Left margin: ROBERT HIRSCHMAN & ASSOCIATES, 15821 Ventura Boulevard, Suite 515, Encino, California 91436-2915

- 5 -
**ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## **PROOF OF SERVICE**

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15821 Ventura Boulevard, Suite 515, Encino, California 91436-2915.

On February 15, 2012, I served the foregoing document described as **ANSWER OF DEFENDANTS STEPHEN E. PIERSON, AND DEJAVU GALLERIES, INC. dba DEJAVU COLLECTORS GALLERY, TO COMPLAINT FOR COPYRIGHT INFRINGEMENT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

> Peter R. Dion-Kindem
> Dion-Kindem & Crockett
> 21271 Burbank Blvd., Suite 100
> Woodland Hills, CA 91367

**By MAIL** as follows: I am "readily familiar" with Robert Hirschman & Associates's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of party served, service shall be presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[**XX**] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 15, 2012, at Encino, California.

*/s/ Sonia Shakib*
Sonia Shakib

ROBERT HIRSCHMAN & ASSOCIATES
15821 Ventura Boulevard, Suite 515
Encino, California 91436-2915