UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Kane Tien | Margaret Babykin | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Peter Dion-Kindem

Attorneys Present for Defendants

Shalem Shem-Tov

**Proceedings:** PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket #25, filed December 31, 2012)

## I.  INTRODUCTION

Plaintiff Barry Rosen ("Rosen") filed the instant action in this Court on January 25, 2012. Plaintiff's complaint alleges two claims for copyright infringement. The gravamen of plaintiff's complaint is that defendant has, through his website, attempted to sell four unauthorized prints of photographs taken by plaintiff ("the Photographs"). The Photographs portray actress Gena Lee Nolan, and at the time defendant was offering them for sale, they were purportedly autographed.

On December 31, 2012, plaintiff filed a motion for partial summary judgment. Defendant Stephen Pierson ("Pierson") filed an opposition January 17, 2013, and plaintiff replied on January 21, 2013. Plaintiff's motion is before the Court.

## II.  BACKGROUND

The following facts are not in dispute. Plaintiff is a professional photographer, and personally took the Photographs. Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law at 1:2 – 3. ("SUF"); Defendant's Statement of Genuine Issues of Material Fact ¶ 1 ("SGI"). The Photographs are registered with the Copyright Office, and the registration certificate lists plaintiff as their author. SUF at 1:6 – 7; SGI ¶ 3. Defendant is a seller of autographed photographs of celebrities, and does business on the Internet and through catalogs using the names Deja Vu Collectors Galleries, and Dejavu Galleries, Inc. SUF 3:7 – 10; SGI ¶ 7. Defendant has displayed the Photographs on his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

website (dejavugalleries.com) and offered copies of the Photographs for sale. SUF 1:9 – 2:5; SGI ¶¶ 4 – 6.

Defendant acquired the four prints of the Photographs at issue in this case between 1996 and 1998. Pierson Decl. ¶ 7. Around that time, defendant operated a store in Westwood, CA that sold celebrity memorabilia, including autographed photographs. Id. ¶¶ 4 – 5. Defendant explains that two people came into his store and sold him a stack of 150 – 200 autographed pictures, and that this stack included the four prints. Id. ¶ 7. Defendant never encountered legal problems surrounding any of the other photographs he purchased in that transaction. Id. ¶ 8.

Defendant displayed the prints in his store after purchasing them. Id. ¶ 9. At some point later, plaintiff visited his store and claimed to be the creator of the pictures, and also demanded that they be removed. Id. ¶¶ 9 – 10. Defendant refused to do so unless plaintiff provided proof that he was the copyright holder. Id. ¶ 10. Plaintiff and defendant had no subsequent contact for several years. Id.

Beginning in 2002, defendant converted his business into an online venture, and built a website that included thumbnail images of the pictures he had for sale. Id. ¶ 11. Then, in 2004, plaintiff received notification from his Internet Service Provider stating that plaintiff had issued a takedown notice regarding the Photographs pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Id. ¶ 12. After correspondence with plaintiff, defendant agreed to remove the thumbnail copies of the Photographs from his website, and also destroyed two out of his four prints of the Photographs. Id.

In 2009, defendant faced technical problems with his website, and hired a designer to rebuild it. Id. ¶ 13. According to defendant, while this rebuilding was taking place, images of the Photographs were inadvertently reposted on his website. Id. Defendant claims that he did not notice that copies of the Photographs were reposted because his website contains thousands of images of memorabilia. Id. ¶ 14. However, between October 2010 and September 2011, plaintiff visited defendant's website and noticed that the images were posted there and that the prints were offered for sale. Rosen Decl. ¶¶ 5 – 9. At some point around this time, plaintiff issued another DMCA notice regarding the Photographs, and upon learning of this notice, defendant instructed his Internet Service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

Provider to remove the photographs. Pierson Decl. ¶ 14. Defendant believes that they have been removed. Pierson Decl. ¶ 14.

It appears that the only disputed facts in this case concern whether defendant's 2010 – 2011 allegedly infringing acts were willful. Plaintiff infers that defendant's acts were willful because defendant has substantial experience in the "autograph business," and defendant's website has been the subject of at least one DMCA notice involving images belonging to another author. Rosen Decl. ¶¶ 19 – 21. As explained above, defendant contends that he never intended to repost copies of the Photographs on his website, and that he took steps to remove them as soon as he learned that they were posted. Pierson Decl. ¶¶ 13 – 14.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   ANALYSIS

Plaintiff seeks to hold defendant liable for posting electronic copies of the Photographs on his website and offering copies of the Photographs for sale between October 2010 and September 2011. Plaintiff claims to be the author of the Photographs, and argues that defendant's acts violated his exclusive right to distribute and make copies of the Photographs. 17 U.S.C. § 106(1), (3). In response, defendant argues that plaintiff's claim is barred by the doctrine of laches.

The Court finds that plaintiff's motion for summary judgment should be denied because there are genuine disputes of material fact regarding whether plaintiff's claims are barred by the doctrine of laches. "Laches is an equitable defense that prevents a plaintiff, who with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." Danjaq LLC v. Sony Corp., 263 F.3d 942, 950 – 951 (9th Cir. 2001). To assert a laches defense, defendant must demonstrate that (1) a sufficiently lengthy delay took place, (2) the delay was unreasonable, and (3) defendant suffered prejudice due to the delay.[1] Id. at 951. "Whether a plaintiff's conduct constitutes laches in any given circumstance is an issue of fact." Petrella v. Metro-Goldyn-Mayer, Inc., 695 F.3d 946, 951 (9th Cir. 2012). The Court considers the three elements of laches in turn.

---

[1] In the Ninth Circuit, laches bars all legal and equitable relief when these three elements are met. Petrella v. Metro-Goldwyn-Mayer, Inc., 695 F.3d 946, 958 (9th Cir. 2012) (Fletcher, J., Concurring). As noted in Judge Fletcher's concurrence in Petrella, [t]here is a severe circuit split on the availability of a laches defense in copyright cases," and the Ninth Circuit's law is "the most hostile to copyright owners of all the circuits." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

First, it appears that plaintiff has delayed bringing this litigation. For purposes of laches, the relevant time period for determining delay is "the period from when the plaintiff knew (or should have known) of the allegedly infringing conduct, until the initiation of the lawsuit in which defendant seeks to counterpose the laches defense." Danjaq LLC, 263 F.3d at 952; see also Jackson v. Axton, 25 F.3d 884, 889 (9th Cir. 1994) ("Laches is based on plaintiff's delay in beginning litigation, not on the information a defendant has regarding a claim.") overruled on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). Here, it appears that plaintiff knew of defendant's attempts to sell the pictures in 1998, and knew that scans of the pictures were posted online at some point between 2002 and 2004. Pierson Decl. ¶¶ 10 – 12. Therefore, plaintiff has delayed roughly 14 years in bringing an infringement claim arising from the allegedly unlawful sales, and 8 – 10 years in bringing a related claim arising from posting thumbnail images on the Internet. While this length of time is somewhat shorter than the length considered by the Ninth Circuit in Danjaq (19 years), it is sufficiently lengthy if combined with requisite prejudice and unreasonableness. See Danjaq, 263 F.3d at 953 (observing that even a two year delay can be sufficient delay if combined with "severe prejudice"). Therefore, enough delay exists to support a laches defense.

The Court next considers whether plaintiff's delay was reasonable. In Danjaq, the Ninth Circuit gave a non-exhaustive list of three reasons that justify delay: a requirement that plaintiff exhaust administrative remedies, the need to "evaluate and prepare a complex claim," and the need to determine "whether the scope of proposed infringement will justify the cost of litigation." Danjaq, 263 F.3d at 954 (citing Lotus Dev. Corp. v. Borland Int'l, Inc., 831 F. Supp. 202, 219 (D. Mass. 1993)). None of these reasons appear to explain plaintiff's delay, and plaintiff does not offer a different explanation regarding why he did not initiate litigation until now. Instead, plaintiff only argues that this lawsuit is timely because it is not barred by the applicable three year statute of limitations. 17 U.S.C. § 507(b). The Court rejects this argument because under Ninth Circuit precedent, a laches defense does not fail merely by virtue of the fact that an infringement action is brought within the statute of limitations. Danjaq, 263 F. 3d at 954.

Although plaintiff's brief has not explained why his delay is reasonable, presumably plaintiff could seek to justify the delay by pointing to the fact that plaintiff and defendant informally resolved plaintiff's claims of infringement in 2004, which obviated the need for litigation. Accordingly, plaintiff could argue that his delay is reasonable because he only initiated litigation when defendant reneged on this agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

by posting the pictures online. This argument relies on the sound principle that it is reasonable to delay bringing litigation when litigation appears unnecessary due to a settlement. Other courts have adopted similar arguments, finding that delay in bringing litigation due to settlement negotiations is reasonable. See EMI Entertainment World, Inc. v. Karen Records, Inc., 603 F. Supp. 2d 759, 769 (S.D. N.Y. 2009).

However, while it is reasonable to forego litigation due to an informal settlement, it is not necessarily true that any breach of a settlement justifies bringing a lawsuit. In particular, a de minimis violation of a settlement does not provide a reason for reviving the litigation that was originally prevented by the settlement. After all, if litigation is unnecessary due to a satisfactory settlement, it remains unnecessary in the face of a minor or inconsequential violation of the settlement. Therefore, a corollary of the principle that a settlement justifies delaying litigation is that only a material violation of a settlement agreement or another compelling reason justifies bringing the litigation that was avoided through settlement.

Applying these principles, the Court finds that there are disputed issues of material fact concerning whether plaintiff's delay was reasonable in light of defendant's breach of the agreement. While the parties agree that defendant breached the informal settlement agreement, defendant has submitted evidence that his breach was inadvertent, and that he immediately took steps to remove the copies of the Photographs once he learned they were on the Internet. Pierson Decl. ¶¶ 12 – 14. Accordingly, viewing the facts in the light most favorable to defendant, plaintiff is not currently being deprived of the benefit of the informal settlement, defendant has not exhibited bad faith in breaching the settlement, and plaintiff faces no risk of repeated violations. Additionally, defendant has submitted evidence tending to show that his inadvertent acts of infringement between 2010 and 2011 were similar to the acts that prompted the parties' original settlement, and at the time of the original settlement, plaintiff requested nothing more than that defendant cease his allegedly infringing conduct. Plaintiff disputes whether defendant's conduct was willful, but as discussed in more detail below, plaintiff's evidence does not conclusively establish that defendant's purported acts of infringement were willful. Consequently, there are disputed issues of fact regarding whether defendant's inadvertent breach of the informal agreement was material, so the Court cannot conclude on a motion for summary judgment that plaintiff's delay was reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

      Finally, turning to the last element of the laches defense, the Court considers whether defendant has suffered prejudice due to the delay. Courts recognize two forms of prejudice in the laches context: "expectations based prejudice" and "evidentiary prejudice." Petrella v. Metro-Goldwyn-Mayer, Inc., 695 F.3d 946, 953 (9th Cir. 2012). The relevant form of prejudice in this case is evidentiary prejudice, which exists "where there are such as things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." Id. Here, defendant explains that plaintiff's delay has prevented him from accessing evidence establishing that his prints of the Photographs were lawfully made. Defendant argues that his memory regarding his original purchase of the prints has faded, and that he can no longer remember the identities of the individuals who sold him the copies. Additionally, defendant explains that in the late 1990s, a copy of at least one of the Photographs was sold by his competitor S&P Movie Market, Inc., but that he cannot now seek information regarding their copy because S&P Movie Market's successor did not retain documents regarding its transactions from the 1990s. Shem-Tov Decl. ¶ 6. S&P Movie Market could have a provided defendant with relevant evidence concerning a licensed source for copies of the Photographs, and it is possible that defendant could have traced his copy to that source. Therefore, because evidence that defendant's copies of the Photographs were lawfully produced is important for his potential defenses to infringement (including a first sale defense pursuant to 17 U.S.C. § 109(a)$^2$), defendant has raised genuine factual disputes regarding the existence of evidentiary prejudice.

      One final issue must be addressed in connection with defendant's laches defense. The defense of laches is not available to a defendant who engages in willful or deliberate copyright infringement, which in the Ninth Circuit is defined to be "conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement." Danjaq LLC, 263 F.3d at 957 (citing Columbia Pictures Television v. Krypton Broad., 106 F.3d 284, 293 (9th Cir. 1997)). This exception is relevant here because plaintiff contends that defendant's copyright infringement was willful.

---

      $^2$ 17 U.S.C. § 109(a) provides that: "Notwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

      For purposes of plaintiff's motion for summary judgment, this exception does not apply because there are genuine disputes of material fact regarding whether defendant's alleged infringement was willful. According to defendant, he removed copies of the Photographs from his website in 2004 pursuant to plaintiff's request, and they were only posted on his website again due to technical problems that arose when he hired a designer to rebuild his site. Pierson Decl. ¶ 14. Defendant explains that he did not know that the Photographs were placed on his website when it was rebuilt, and states that when he received notice that they were posted on his website, he removed them. Id. Although plaintiff asserts that defendant's willfulness can be inferred based on defendant's business experience and the fact that he has received notices under the DMCA concerning images on his website, this is not sufficient evidence to find, as a matter of law, that defendant has engaged in willful infringement.

      Accordingly, the Court finds that there are disputed issues of fact regarding whether plaintiff's claims are barred by the doctrine of laches. Consequently, plaintiff's motion for summary judgment must be denied.[3]

---

[3] At oral argument, plaintiff's counsel argued that laches should not apply to his infringement claims arising out of defendant's catalogue, which contained copies of one of the Photographs, and was available for download on defendant's website on December 28, 2010. Rosen Decl. ¶ 8. Plaintiff contends that laches should not apply to claims arising out of the catalogue because defendant did not maintain a catalogue in 2004, so the parties' informal settlement at that time concerned electronic copies and offers to sell prints, not copying and distribution in a catalogue. The Court rejects this argument, because the acts of infringement that allegedly occurred in the catalogue are copying thumbnail images of the Photographs and offering prints of the Photographs for sale, which is the same conduct that occurred in 2004 in connection with defendant's website. Moreover, plaintiff does not claim that this catalogue is currently being distributed, nor does plaintiff argue that this catalogue continued to be distributed after defendant received notification that the infringing images were again posted on his website. Therefore, the alleged acts of infringement involving the catalogue also took place during same time as the other acts of infringement. Accordingly, the defense of laches applies equally to claims arising from defendant's website and claims arising from defendant's catalogue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

CIVIL MINUTES - GENERAL

| Case No. | CV 12-658 CAS (FFMx) | Date | January 28, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETFRONTS, INC., ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for summary judgment.

IT IS SO ORDERED.

|  |  | 00 | : | 07 |
|---|---|---|---|---|
|  | Initials of Preparer | KTI | | |