UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETRFRONTS, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Peter Dion-Kindem | Shalem Shem-Tov |

**Proceedings:** PLAINTIFF'S MOTION IN LIMINE #1 TO PRECLUDE REFERENCE TO OTHER LAWSUITS (Docket #39, filed April 15, 2013)

DEFENDANT'S MOTION IN LIMINE #1 TO PRECLUDE EVIDENCE AND TESTIMONY AS TO ACTUAL DAMAGES (Docket #40, filed April 15, 2013)

DEFENDANT'S MOTION IN LIMINE #2 TO BAR STATUTORY DAMAGES AND ATTORNEY'S FEES (Docket #41, filed April 15, 2013)

## I.   INTRODUCTION & BACKGROUND

Plaintiff Barry Rosen ("Rosen") filed the instant action in this Court on January 25, 2012.  Plaintiff's complaint alleges two claims for copyright infringement.  The gravamen of plaintiff's complaint is that defendant has, through his website, attempted to sell four unauthorized prints of photographs taken by plaintiff ("the Photographs").  The Photographs portray actress Gena Lee Nolan, and the prints allegedly offered for sale by defendant were purportedly autographed.

Plaintiff contends that defendant reproduced the Photographs during two distinct time periods: first during the late 1990s and early 2000s, and then again staring in 2010. The parties agree that in the interim period, defendant ceased reproducing the Photographs pursuant to an informal settlement between the parties.  In this lawsuit, plaintiff only alleges infringement claims arising out of reproductions during the latter period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETRFRONTS, INC., ET AL | | |

On April 15, 2013, defendant filed a motion in limine seeking to bar plaintiff from pursuing statutory damages. Plaintiff filed an opposition on April 22, 2013. Defendant's motion is before the Court.[1]

## II. ANALYSIS

Defendant seeks to bar plaintiff from recovering statutory damages and attorney's fees pursuant to 17 U.S.C. § 412(2).[2] This statutory provision bars a copyright plaintiff from seeking attorney's fees or statutory damages where the alleged acts of infringement commenced prior to the registration of the work. Here, the Photographs were registered between 2003 – 2004. While the acts of infringement underlying the complaint took place in 2010, defendant argues that plaintiff is nonetheless barred from pursuing statutory damages because defendant also reproduced the Photographs in 1998 and 2002,

---

[1] Additionally, plaintiff filed a motion in limine on April 15, 2013, and defendant filed another motion in limine on April 15, 2013. No oppositions to these motions have been filed, and the Court GRANTS these motions as unopposed.

[2] 17 U.S.C. § 412 reads:

In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--

(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETRFRONTS, INC., ET AL | | |

at times when the Photographs were not registered.  Defendant argues that all of his acts of reproduction should be considered one continuous act for purposes of § 412(2), a continuous act that "commenced" in 1998, prior to the registration date of the Photographs.

Defendant's argument relies on a doctrine developed by federal courts under which a series of infringing acts can be interpreted as a single ongoing act of infringement that "commences" – for purposes of § 412(2) – on the date of the first act of infringement. Parfums Givency v. C & C Beauty Sales, 832 F. Supp. 1378, 1393 (C.D. Cal. 1993) ("[T]he first act of infringement in a series of ongoing separate infringements commences one continuing infringement under Section 412(2)."). If a defendant has engaged in ongoing acts of infringement that began before a plaintiff registered the work at issue and continued post-registration, this doctrine prevents a plaintiff from recovering statutory damages or attorney's fees arising out of both pre registration and post-registration acts. Singh v. Famous Overseas, Inc., 680 F. Supp. 533, 536 (E.D. N.Y. 1988).

The cases developing this doctrine uniformly recognize that it is only applicable when the defendant has engaged in infringement that is ongoing or reoccurring.  See, e.g., Mason v. Montgomery Data, Inc., 741 F. Supp. 1282, 1286 (S.D. Tex. 1990) ("This Court, therefore, interprets the words 'commencement of infringement' to mean the first act of infringement in a series of on-going separate infringements."); Singh, 680 F. Supp. at 535 ("[I]t would be peculiar if not inaccurate to use the word "commenced" to describe a single act.  That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter.").  When there is a cessation of activity between pre-registration acts of infringement and post-registration acts of infringement, it is no longer appropriate to find that there is a single ongoing act of infringement.  Troll Co. v. Uneeda Doll Co., 483 F.3d 150, 158 – 159 (2d. Cir. 2007) ("Congress understood section 412 to mean that a post-registration act of infringement will not be deemed to have commenced before registration if the infringing activity ceased for an appreciable period of time.  In such a case, the copyright owner could recover statutory damages and attorney's fees for that new, post-registration act of infringement.").

The doctrine therefore cannot be invoked on the facts before the Court.  Defendant admits that he ceased reproducing the Photographs at some point in the early 2000s, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-658 CAS (FFMx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | BARRY ROSEN V. NETRFRONTS, INC., ET AL | | |

hence ceased his acts of reproduction for several years.[3] Since defendant did not utilize the Photographs for several years, it is impossible to say that his use of the Photographs in 2010 somehow "commenced" in the late 1990s or early 2000s. Instead, Defendant commenced a series of allegedly infringing acts in the late 1990s, and commenced a distinct series of allegedly infringing acts in 2010. Because the latter series of acts commenced after the Photographs were registered, plaintiff is not barred by section 412(2) from seeking statutory damages or attorney's fees in his infringement claims arising out of those acts.

### III. CONCLUSION

In accordance with the foregoing, defendant's motion in limine is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] At oral argument, counsel for defendant claimed that defendant continued to reproduce the photographs in print catalogs during the entire first decade of 2000. This argument is without any evidentiary support, and appears to contradict the declaration defendant submitted in opposition to plaintiff's motion for summary judgment, in which defendant asserted that, in 2004, he destroyed two of the Photographs and misplaced the other two. Pierson Decl. ¶ 12. The Court therefore rejects this argument for purposes of the instant motion.